## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| KAPTAN DEMIR CELIK ENDUSTRISI VE TICARET A.S., | : | |
| Plaintiff, | : | Court No. 22-00149 |
| v. | : | |
| UNITED STATES, | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff, Kaptan Demir Celik Endustrisi ve Ticaret A.S., ("Kaptan" or "Plaintiff"), by and through undersigned counsel, hereby alleges and states as follows:

### ADMINISTRATIVE DECISION TO BE REVIEWED

1. Plaintiff seeks review of the of the final results of the U.S. Department of Commerce, International Trade Administration's ("the Department" or "Commerce") countervailing duty administrative review, the final results of which were published in *Steel Concrete Reinforcing Bar From the Republic of Turkey: Final Results of Countervailing Duty Administrative Review and Rescission, in Part; 2019*, 87 Fed. Reg. 21,640 (April 12, 2022) ("Final Results"), and the accompanying Issues and Decision Memorandum ("IDM").

### JURISDICTION

2. This action is filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and 1516a(a)(2)(B)(iii). The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFF

3. Plaintiff is a Turkish producer and exporter of steel concrete reinforcing bar ("rebar" or "subject merchandise") from the Republic of Turkey ("Turkey"). Plaintiff participated in the Department's proceeding that resulted in the challenged determination as a mandatory respondent through the filing of questionnaire responses and briefs. Therefore, Plaintiff is an interested party as described in section 771(9)(A) of the Tariff Act of 1930 ("the Act"), as amended, 19 U.S.C. § 1677(9)(A), and has standing to bring this action under 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF THE ACTION

4. Section 516A(a)(2)(A)(i) of the Act, 19 U.S.C. § 1516a(a)(2)(A)(i), requires that, in actions challenging the Department's determinations pursuant to section 516A(a)(2)(B)(iii), 19 U.S.C. § 1516(a)(2)(B)(iii), regarding administrative reviews, the summons must be filed within 30 days of the date of the date of publication in the Federal Register of the notice of determination. The Department published its Final Results on April 12, 2022.

5. This action was commenced within 30 days of the date of publication of the Department's Final Results through the filing of a Summons and Complaint on May 12, 2022. The Summons and the Complaint have been timely filed in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and pursuant to Rules 3(a)(2) and 6(a) of the Court's Rules.

## BACKGROUND

6.  The Department issued a countervailing duty order on rebar from Turkey on November 6, 2014. *See Steel Concrete Reinforcing Bar from the Republic of Turkey: Countervailing Duty Order,* 79 Fed. Reg. 65,926 (Nov. 6, 2014).

7.  On January 6, 2021, the Department initiated an administrative review of the countervailing duty order on rebar from Turkey, covering countervailable subsidy benefits received by Kaptan and other Turkish producers/exporters during the period of review ("POR") of January 1, 2019, through December 31, 2019. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 86 Fed. Reg. 511 (Jan. 6, 2021) ("Initiation Notice").

8.  Subsequent to the initiation of the proceeding, the Department selected Kaptan and Colakoglu Metalurji A.S. (Colakoglu), as the only two mandatory respondents in the review and issued initial countervailing duty questionnaires to each company (and the Government of Turkey), accordingly.

9.  On March 30, 2021, Kaptan filed a timely response to the Affiliation Section of the Department's initial CVD questionnaire. In this questionnaire response, as required, Kaptan identified all of its affiliates including the affiliates the company believed fell within the meaning of cross-owned input suppliers under 19 C.F.R. § 351.525(b)(6)(iv). One of these affiliates was Nur Gemicilik ve Tic. A.S. ("Nur"), a ship building company that sold the scrap it generated from its production to Kaptan, which Kaptan used in its production of subject and non-subject merchandise. This amount of scrap was extremely miniscule compared to the scrap purchased from other suppliers. Given these circumstances, Kaptan stated that it did not believe that Nur

qualified as a "cross-owned input supplier."

10. On April 15, 2021, the Department issued a supplemental affiliation questionnaire, to which Kaptan submitted its response on April 16, 2021.

11. On May 5, 2021, Kaptan provided a full initial CVD questionnaire response. Kaptan's questionnaire response covered Nur, along with other companies. In this response, Kaptan reported that Nur used certain alleged "Regional Development Subsidies." Specifically, Kaptan reported that Nur entered into a Lease and Investment agreement with the local government whereby Nur was permitted to use land rent free in exchange for meeting certain investment and employment criteria.

12. The Department published its Preliminary Results of the administrative review on December 6, 2021. *Steel Concrete Reinforcing Bar From the Republic of Turkey: Preliminary Results of Countervailing Duty Administrative Review and Intent To Rescind in Part; 2019*, 86 Fed. Reg. 69,009 (Dec. 6, 2021) ("Preliminary Results").

13. On January 12, 2022, Kaptan filed its administrative case brief challenging certain decisions and findings the Department made in the Preliminary Results. Specifically, Kaptan challenged the following Department determinations: (1) that Nur was a cross-owned input supplier under 19 C.F.R. § 351.525(b)(6)(iv); (2) Nur being exempted from land rental fees / easement fees to be paid to the government constituted a program on the provision of goods and services for LTAR, rather than as revenue foregone; (3) the Department's selection of the land benchmark for this program ; and (4) the Department's determination to countervail the program on the Exemptions from Bank and Insurance Transactions Tax ("BITT") on Foreign Exchange Transactions.

14. On January 19, 2022, Kaptan filed its Letter in Lieu of Rebuttal Case Brief, arguing that

4

the Department should reject Petitioner's argument that the Department should attribute the benefit received from the Turkish Steel Exporter's Association ("TSEA") for legal fees incurred in foreign trade remedy proceedings by Kaptan over export sales of subject merchandise to the United States.

15. On April 12, 2022, the Department published its Final Results assigning a final CVD rate of 1.75% to Kaptan and its cross-owned affiliates. Final Results, 87 Fed. Reg. at 21,641. In the unpublished IDM accompanying the Department's Final Results, the Department rejected Kaptan's arguments regarding (1) Nur's status as a cross-owned input supplier, (2) the Department's analysis of Nur's land rent exemption as a good for less than adequate remuneration rather than as revenue foregone; (3) land rental benchmark adjustments; and (4) the Department's finding that the Exemptions from BITT on Foreign Exchange Transactions program is specific under section 771(5A)(D)(i) of the Act. *See* IDM at Cmts 1-3. The Department also rejected Petitioner's argument that the Department should tie benefits that Colakoglu and Kaptan received under the Assistance to Offset Costs Related to AD/CVD Investigations program to their respective export sales of subject merchandise to the United States. *See* IDM at Cmt. 4.

## STATEMENT OF CLAIMS

### COUNT ONE

16. Paragraphs 1 to 15 are adopted and incorporated herein by reference.

17. The Department's finding that Nur was a cross-owned input supplier pursuant to 19 C.F.R. § 351.525(b)(6)(iv) was unsupported by substantial evidence and otherwise contrary to law.

5

## COUNT TWO

18.  Paragraphs 1 to 17 are adopted and incorporated herein by reference.

19.  The Department calculated the benefit for Kaptan's rent free land as a good for less than adequate remuneration in accordance with 19 C.F.R § 351.511 and 771(5)(D)(iii) of the Act. The Department should have instead analyzed this program under as revenue forgone pursuant to section 771(5)(D)(ii) of the Act.

20.  The Department's failure to analyze this program under the revenue forgone statutory provision was unsupported by substantial evidence and was contrary to law.

## COUNT THREE

21.  Paragraphs 1 to 20 are adopted and incorporated herein by reference.

22.  In calculating the benefit for the land rent program pursuant to 19 C.F.R § 351.511, the Department selected an industrial rent benchmark taken from a Colliers International Real Estate Report for Turkey for 2018.

23.  The Department's selection of this benchmark, and failure to adjust the benchmark to remove rent attributed to buildings rather than land only, was unsupported by substantial evidence and was otherwise contrary to law.

## COUNT FOUR

24.  Paragraphs 1 to 23 are adopted and incorporated herein by reference.

25.  In the Final Results, the Department continued to find that the find that the BITT exemptions program is specific under 771(5A)(D)(i) of the Act.

26.  The Department's determination regarding the BITT exemptions was unsupported by substantial evidence and was otherwise contrary to law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court:

(a) hold that the Department's Final Results are unsupported by substantial evidence and otherwise not in accordance with law;

(b) remand the Final Results with instructions to issue a new determination that is consistent with the Court's decision; and

(c) provide such other relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Andrew T. Schutz*
Andrew T. Schutz
Jordan C. Kahn
Kavita Mohan
Michael S. Holton

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP

1201 New York Ave., NW, Ste. 650
Washington, DC 20005
(202) 783-6881

Dated: May 12, 2022

11621065_1

7