## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE:  THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| _____ )<br>KAPTAN DEMIR CELIK ENDUSTRISI VE )<br>TICARET A.S., )<br> )<br>    Plaintiff, )<br> )<br> v. )<br> )<br>UNITED STATES, )<br> )<br>    Defendant, )<br> )<br> and )<br> )<br>REBAR TRADE ACTION COALITION, *et al.*, )<br> )<br>    Defendant-Intervenors. )<br>_____ ) | Court No. 22-00149 |

## DEFENDANT'S RESPONSE TO THE COURT'S
## QUESTIONS FOR ORAL ARGUMENT

Defendant, the United States, respectfully submits these written answers to the Court's

questions for oral argument in accordance with the Court's April 5, 2024 letter.  *See* ECF No. 55.

**1.**   **Now that the <u>Kaptan I</u> Appeal has been docketed, has the Government changed its position regarding the propriety of a stay in this case? <u>See</u> Gov't Supp. Br. at 8 ("[T]his Court usually only stays cases where the Federal Circuit, rather than this Court, is considering the same issue in another case.").**

As the Government stated in its Motion in Opposition to Plaintiff's Motion to Stay

Proceedings, ECF No. 23, this case involves a claim that was not at issue in *Kaptan I* and thus

will not be resolved by the appeal of that case.  In this case and unlike in *Kaptan I*, plaintiff

challenges Commerce's specificity finding under 19 U.S.C. § 1677(5A)(D)(i) for the Bank and

Insurance Transactions Tax (BITT) exemptions program.  Moreover, while the Federal Circuit is

considering similar factual and legal issues in *Kaptan I*, as discussed below, the arguments that

led to Commerce's remand redetermination that is now on appeal in *Kaptan I* are not currently before this Court. Thus, it continues to be the Government's position that any potential stay of this case would not facilitate an efficient resolution of the case or conserve the parties' or the Court's resources.

>    a.    **If the Government now supports or does not oppose a stay, which issues are severable and ripe for decision?**

If the Court were to exercise its discretion to stay this case pending the outcome of *Kaptan I*, Commerce's determination that the BITT exemptions program was specific under 19 U.S.C. § 1677(5A)(D)(i) would be severable and ripe for decision. The issues related to the BITT exemptions program are not related to Nur's status as a cross-owned input supplier. The remaining issues, including the issues regarding the land rent exemption program and subsequent calculation of benefit using an industrial rent benchmark, are all intrinsically linked to Commerce's finding that Nur was a cross-owned input supplier pursuant to 19 C.F.R. § 351.525(b)(6)(iv) and, therefore, are related to the appeal of *Kaptan I*.

> 2.    **The Government asserts that "[t]he Kaptan I redetermination arose in a distinct proceeding and was decided in response to novel arguments that were not raised in this proceeding and are therefore not part of the relevant record." Gov't Supp. Br. at 4. Please explain how this distinction might compel a different substantive outcome here.**

The arguments made during the remand proceeding in *Kaptan I* are not the same as the arguments that were made in the underlying administrative review in this case. As we explained in our supplemental brief, the parties in *Kaptan I* made arguments concerning whether Nur was a cross-owned input supplier that were not made here, such as arguments related to the nature of the transactions between Nur and Kaptan, and arguments relating to Nur's business activities. Gov't Supp. Br. at 5-6. Commerce is required to make its determinations based on the facts and arguments on the particular record for that determination. *Changzhou Wujin Fine Chem.*

*Factory Co. v. United States,* 701 F.3d 1367, 1377 (Fed. Cir. 2012) ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based."). Accordingly, this Court's review is similarly limited to the facts and arguments before Commerce during the underlying administrative review that were then properly raised in the briefs before the Court in this proceeding. The fact that arguments raised in *Kaptan I* were not raised here could therefore support a different outcome in this case. If the Court finds that Commerce's analysis in the underlying administrative review is unsupported by substantial evidence or not in accordance with law—as it did in the prior review—Commerce will reconsider the issue on remand and parties will have an opportunity to comment on Commerce's remand redetermination. We respectfully submit, however, that it is premature for the Court to resolve this case based on arguments that have not yet been raised by any party to this proceeding.

3.   **Why is arguing that an exemption program cannot be specific as a matter of law pursuant to 19 U.S.C. § 1677(5A)(D)(ii) not simply another way of presenting an argument that Kaptan uncontestedly did exhaust—that an exemption program is <u>not specific as a matter of law as defined by § 1677(5A)(D)(i)? See Gov't Br. at 25.</u>**

Both the Federal Circuit and this Court have held that failure to raise a specific argument in an administrative case brief, even if the general issue is addressed, constitutes a failure to exhaust administrative remedies. *See e.g., Rhone Poulenc, Inc. v. United States,* 899 F.2d 1185, 1191 (Fed. Cir. 1990) (holding that plaintiff's failure to raise a particular argument before Commerce precluded judicial review even though plaintiff characterized that argument as "simply another angle to an issue"); *Paul Muller Industrie GmbH & Co. v. United States,* 502 F. Supp. 2d 1271, 1275 (Ct. Int'l Trade 2007) (holding that when a party raises a general issue, but fails to incorporate a specific argument among other arguments that relate to the same issue, it fails to exhaust administrative remedies with respect to that argument). This is because the failure

specifically to raise an issue "deprives {Commerce} of an opportunity to consider the matter, make its ruling, and state the reasons for its action." *Ad Hoc Shrimp Trade Action Comm. v. United States*, 33 C.I.T. 533, 545–46 (2009), *aff'd in part*, 596 F.3d 1365 (Fed. Cir. 2010).  The purpose of the exhaustion requirement—to promote judicial efficiency and preserve administrative autonomy by allowing the agency to consider the party's argument and potentially rectify any mistake—is vitiated when the Court considers arguments raised for the first time in judicial proceedings.  *Boomerang Tube LLC v. United States*, 856 F.3d 908, 910 (Fed. Cir. 2017) (citing *Corus Staal BV v. United States*, 502 F.3d 1370, 1379 (Fed. Cir. 2007) (explaining that the exhaustion requirement protects administrative agency authority and promotes judicial efficiency)).  For this reason, this Court "generally takes a 'strict view' of the requirement that parties exhaust their administrative remedies before {Commerce} in trade cases." *Corus Staal*, 502 F.3d at 1379.

Here, Kaptan argued during the administrative proceeding that the BITT exemption was "not limited to certain companies" and therefore was not specific pursuant to 19 U.S.C. § 1677(5A)(D)(i).  *See* Kaptan Administrative Case Brief at 23-24 (P.R. 164).  This argument consisted of two short paragraphs.  *Id.*  Kaptan made no mention of § 1677(5A)(D)(ii), and did not argue that the BITT exemption satisfies the criteria set forth in that provision.  Importantly, 19 U.S.C. § 1677(5A)(D)(ii) applies only to subsidies with "objective criteria or conditions," which mean "criteria or conditions that are neutral and do not favor one enterprise or industry over another." 19 U.S.C. § 1677(5A)(D)(ii).  Thus, determining whether a program incorporates "objective criteria or conditions" is distinct from the analysis regarding whether a program is "expressly limited" to certain enterprises or industries under 19 U.S.C. § 1677(5A)(D)(i).  *See BGH Edelstahl Seigen GmbH. v. United States*, 639 F. Supp. 3d 1237 (Ct. Int'l Trade 2023)

(explaining and further clarifying the analysis carried out under 19 U.S.C. § 1677(5A)(D)(ii)). Because Kaptan only argued that the subsidy is not limited to certain companies under 19 U.S.C. § 1677(5A)(D)(i), it did not exhaust the argument that any limitation nonetheless falls within the scope of 19 U.S.C. § 1677(5A)(D)(ii).  Thus, we respectfully submit that Kaptan failed to exhaust its administrative remedies with respect to 19 U.S.C. § 1677(5A)(D)(ii).  *See Rhone*, 899 F.2d at 1191; *Paul Muller,* 502 F. Supp. 2d at 1275.

   a.    **Given the apparent conceptual similarity between the two provisions, why is it "appropriate" for the court to require exhaustion here? 28 U.S.C. § 2637(d).**

   While both subsections deal with Commerce's *de jure* specificity analysis, each provision is distinct, and the analysis required under each provision considers different requirements and applies different standards.  As discussed above, 19 U.S.C. § 1677(5A)(D)(ii) addresses a scenario where a subsidy restricts access based on "objective criteria or conditions," which mean "criteria or conditions that are neutral and do not favor one enterprise or industry over another." 19 U.S.C. § 1677(5A)(D)(ii).  These factors are separate and distinct from the analysis carried out under 19 U.S.C. § 1677(5A)(D)(i), which involves the question of whether the law expressly limits access to the subsidy.  Due to the difference in focus for each of these provisions, the analyses carried out under each of these provisions are necessarily different and require consideration of different legal standards and application of those distinct standards to the underlying facts of the case.  Thus, it is appropriate to find that Kaptan failed to exhaust its administrative remedies under 28 U.S.C. § 2637(d), as Kaptan did not raise any arguments related to 19 U.S.C. § 1677(5A)(D)(ii) in the underlying administrative proceeding.  *See* Kaptan Administrative Case Brief at 23-24 (P.R. 164).

**b.    To determine satisfaction of § 2637(d)'s exhaustion requirement, by what standard should the court assess whether an argument presented in a brief <u>corresponds to an argument raised at the agency level?</u>**

To find that a party raised an argument at the agency level, the Court should consider whether the argument raised before the agency required the agency to conduct the same essential analysis.  Here, as explained in our preceding answer, although the two arguments at issue both relate to the question of whether the BITT exemptions program is *de jure* specific, they require distinct legal and factual analyses to answer that question:  one considers whether the subsidy is "expressly limit[ed]…to an enterprise or industry," and the other considers whether the government issuing the subsidy "establishes objective criteria or conditions," and whether eligibility is automatic and strictly followed.  19 U.S.C. § 1677(5A)(D).  These two distinct tests require Commerce to look to different facts and to different interpreting case law.  While we do not purport to lay out a comprehensive test for determining whether two arguments are the same, the application of two distinct analyses should be sufficient to conclude that two arguments are different.

This is consistent with this Court's practice of "generally tak[ing] a 'strict view' of the requirement that parties exhaust their administrative remedies before {Commerce} in trade cases."  *Corus Staal*, 502 F.3d at 1379.  To allow parties to raise arguments that require distinct legal and factual analyses for the first time before this Court would deprive Commerce of the opportunity to address parties' arguments in the first instance, and document its reasoning in the underlying administrative proceeding.  Because the Court's review is limited to the rationale set forth in Commerce's underlying decision, and not the "post hoc rationalizations of agency counsel," a less strict interpretation of the exhaustion requirement would place an impossible burden on Commerce to respond to arguments that were not brought before it in the underlying proceeding.  *See Carpenter Tech. Corp. v. United States*, 452 F. Supp. 2d 1344 (Ct. Int'l Trade

2006); *Changzhou,* 701 F.3d at 1377.  Thus, where parties fail to exhaust certain arguments in the underlying administrative proceeding, they may not raise those arguments for the first time before this Court.  *See Rhone*, 899 F.2d at 1191; *Paul Muller,* 502 F. Supp. 2d at 1275 (Ct. Int'l Trade 2007).  And where the argument raised before the agency did not require Commerce to conduct the same analysis as an argument raised before this Court, those arguments are distinct.

**4.  Assuming hypothetically that Kaptan either exhausted or is not required to have exhausted its briefed argument with respect to specificity as a matter of law, has the Government waived any substantive opposition to that argument by focusing the relevant portion of its response brief on the exhaustion issue? <u>See Gov't Br. at 23-28; Calgon Carbon Corp. v. United States, 145 F. Supp. 3d 1312, 1321–22 (CIT 2016).</u>**

No, we respectfully submit that the appropriate course in that scenario would be to remand for Commerce to address the applicability of 19 U.S.C. § 1677(5A)(D)(ii) in the first instance.  *See, e.g., Matra Americas, LLC v. United States*, Court No. 21-565, Slip Op. 24-14 (Ct. Int'l Trade 2024) (remanding issues back to Commerce where the Court found that Commerce did not address relevant arguments made in the underlying administrative proceeding); *Fine Furniture (Shanghai) Ltd. v. United States*, 182 F. Supp. 3d 1350, 1371  (Ct. Int'l Trade 2016) (remanding for Commerce to consider an argument that it "acknowledged" but "failed to address" in the review).  The case referenced by the Court in its question, *Calgon Carbon Corp. v. United States*, 145 F. Supp. 3d at 1321, is readily distinguishable.  In *Calgon*, the Court held that the exhaustion requirement did not apply to the briefed argument because the respondent did not have the opportunity to challenge the final rate it was assigned in Commerce's underlying final determination, which changed from the rate Commerce originally applied to the respondent in the preliminary determination.  *See Calgon*, 145 F. Supp. 3d at 1320.  In contrast, here, Kaptan had an opportunity to brief this issue and never raised arguments regarding 19 U.S.C. § 1677(5A)(D)(ii).  Moreover, in *Calgon*, the Court highlighted that the Government had

multiple opportunities to address the merits during the case, including when the Court expressly raised the issue at oral argument.  Here, the Court is raising this issue for the first time and the Government does not intend to waive this issue, but instead submits that Commerce should have the opportunity in the first instance to address this question of mixed fact and law.  *See Calgon*, 145 F. Supp. 3d at 1322 (recognizing that "in some cases the proper procedure may be for the court *sua sponte* to order the agency to address the new matter").  Indeed, because this Court looks to whether Commerce's determination is supported by "evidence that a reasonable mind might accept as adequate to support a conclusion," Commerce should have the opportunity in the first instance to evaluate Kaptan's claims against the record in this case.  *See, e.g.*, *SeAH Steel*, 950 F.3d 833, 840 (Fed. Cir. 2020); *Usinor v. United States,* 342 F.Supp.2d 1267, 1272 (Ct. Int'l Trade 2004) (providing that the Court "may not reweigh the evidence or substitute its own judgment for that of the agency").

**5.    Where in the record did Commerce identify a specific "enterprise or industry" to which it determined the BITT exemptions are "expressly" limited? 19 U.S.C. § 1677(5A)(D)(i). Please cite all pertinent instances.**

In both the Preliminary Results (P.R. 148) at page 12 and the IDM at page 20, Commerce found this program to be limited to industries that meet one of the five conditions specified in Law 6802 (which includes Presidential Decree no. 1106 and Presidential Decree no. 1149).  These transactions are: (1) foreign exchange transactions among and between banks and authorized institutions; (2) foreign currency sales to the Ministry of Treasury and Finance; (3) foreign currency sales, by the lending local bank or the local bank that intermediates the loan, to the parties for repayment of their foreign currency-denominated loans; (4) foreign exchange sales to enterprises having an industrial registry certificate; and (5) foreign currency sales to export companies which are members of exporters' associations.  Based on a review of the establishing laws, Commerce found that the "group of enterprises or industries" the BITT

exemptions program was expressly limited to was "firms that conduct certain types of foreign

exchange transactions" that are established through the five conditions specified in Law 6802.

PDM at 11-12; *see also* IDM at 19-20.

> **a.     How can § 1677(5A)(D)(i)'s reference to "an enterprise," <u>id.</u>, be construed to cover so broad a category as "enterprises that meet five conditions specified in the law," particularly where the five conditions for a BITT exemption are each sufficient, not necessary—and by their number thus broaden, rather than narrow, the set of exemption-receiving entities? Mem. from J. Maeder to L. Wang re: Issues and Decision Memorandum for the Final Results of the Countervailing Duty Administrative Review of Steel Concrete Reinforcing <u>Bar from Turkey at 20 (Dep't Com. Apr. 5, 2022) ("IDM"), P.R. 176.</u>**

Section 1677(5A)(D)(i) states that a program is specific as a matter of law where "the

authority providing the subsidy, or the legislation pursuant to which the authority operates,

expressly limits access to the subsidy to an enterprise or industry." Further, pursuant to 19

U.S.C. § 1677(5A), "any reference to an enterprise or industry is a reference to a foreign

enterprise or foreign industry and includes a group of such enterprises or industries."

Here, Commerce found that the legislation in question, Law 6802, establishes a group of

enterprises that are exempt from certain taxes associated with bank and insurance transactions,

thereby expressly limiting access to the subsidy to "firms that conduct certain types of foreign

exchange transactions that were exempted by Law 6802." PDM at 12; IDM at 19-20. Thus, the

"group of enterprises" that the subsidy is expressly limited to those firms that satisfy one of the

five conditions set forth in Law 6802. Any company who does not conduct these foreign

exchange transactions would be unable to qualify for the subsidy in question. While a company

can qualify for the exemptions through satisfying any of the five conditions set forth in Law

6802, the fact that companies must satisfy one of these conditions indicates that the law is

expressly limited to only a specific group of enterprises or industries in accordance with 19

U.S.C. § 1677(5A)(D)(i). As this Court explained in *ASEMESA*, the plain meaning of the statute

is that "a subsidy is *de jure* specific when the authority providing the subsidy, or its operating legislation, directly, firmly, or explicitly assigns limits to or restricts the bounds of a particular subsidy." *Asociación de Exportadores e Industriales de Aceitunas de Mesa v. United States*, 523 F. Supp. 3d 1393, 1403 (Ct. Int'l Trade 2021). Here, Law 6802 directly and explicitly limits the subsidy to only companies who satisfy one of the five conditions, and thus Commerce appropriately found that the program is *de jure* specific in accordance with 19 U.S.C. § 1677(5A)(D)(i).

6.    **What is the bearing of the issues in this case (<u>Kaptan II</u>)—and the court's potential resolution of them—on the issues in <u>Kaptan III</u>? In your answer, please address each of the issues in Kaptan III.**

In *Kaptan III*, Kaptan challenged Commerce's selection of a land benchmark to value rent free land given to Kaptan's affiliate, Nur, as well as Commerce's determination that the BITT exemption program was *de jure* specific. Due to a difference in benchmarks submitted and available on the record in the two cases, the facts before the Court in each of these proceedings differ, and thus the Court's decision here will not implicate the Court's resolution of *Kaptan III* for that issue. The issues related to the BITT exemptions program in *Kaptan III* are identical to the issues in this case, including Kaptan's failure to exhaust administrative remedies with respect to arguments related to 19 U.S.C. § 1677(5A)(D)(ii). The remaining issues in this case were not challenged by Kaptan in *Kaptan III*.

7.    <u>**What authorities best support your overall argument?**</u>

There are several decisions laying out the standard for exhaustion of administrative remedies, in particular the following cases: *Boomerang*, 856 F.3d at 910; *Corus Staal*, 502 F.3d at 1379; *Dillinger France S.A. v. United States*, 350 F. Supp. 3d 1349, 1371 (Ct. Int'l Trade 2018); *Essar Steel, Ltd. v. United States*, 753 F.3d 1368, 1374 (Fed. Cir. 2014), *aff'd in part, vacated in part on other grounds*, 981 F.3d 1318 (Fed. Cir. 2020); *Rhone*, 899 F.2d at 1191; *Ad*

*Hoc Shrimp Trade Action Comm. v. United States*, 33 C.I.T. 533, 545–46 (2009), *aff'd in part*,

596 F.3d 1365 (Fed. Cir. 2010); *Paul Muller,* 502 F. Supp. 2d at 1275.

8.      **Aside from the <u>Kaptan I</u> Appeal and <u>Kaptan III</u>, are there any recent or pending <u>Federal Circuit or CIT cases that may affect the court's analysis?</u>**

        We are unaware of any other recent or pending Federal Circuit or Court of International

Trade cases that may affect the Court's analysis.

                                        Respectfully submitted,

                                        BRIAN M. BOYNTON
                                        Principal Deputy Assistant Attorney General

                                        PATRICIA M. MCCARTHY
                                        Director

                                        /s/ L. Misha Preheim
                                        L. MISHA PREHEIM
                                        Assistant Director

                                        /s/ Kelly Geddes
W. MITCH PURDY                          KELLY GEDDES
Senior Attorney                         U.S. Department of Justice
Office of the Chief Counsel             Commercial Litigation Branch
for Trade Enforcement & Compliance      P.O. Box 480, Ben Franklin Station
U.S. Department of Commerce             Washington, DC 20044
                                        (202) 307-2867
                                        Fax: (202) 305-2062
                                        Email: kelly.geddes2@usdoj.gov

April 16, 2024                          Attorneys for Defendant

## <u>CERTIFICATE OF COMPLIANCE</u>

Defendant's counsel certifies that this filing complies with the Court's instruction, in its April 5, 2024 oral argument questions (ECF No. 55), that the parties' answers not exceed 3,000 words.  According to the word count calculated by the word processing system with which the motion was prepared, the brief contains a total of 2,843 words, not including the Court's questions, and not including the portions excluded pursuant to Rule 2(B)(b) of this Court's Chambers Procedures.

<u>/s/ Kelly Geddes</u>

April 16, 2024