United States Court of International Trade
One Federal Plaza
New York, NY 10278



CHAMBERS OF
Gary S. Katzmann
JUDGE

April 22, 2024

Andrew T. Schutz
Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP
1201 New York Avenue, NW, Suite 650
Washington, D.C. 20005

Kelly M. Geddes
U.S. Department of Justice
Civil Division, Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044

Alan H. Price
Wiley Rein, LLP
2050 M Street, NW
Washington, D.C. 20036

**Re:   Supplemental Questions for Oral Argument in <u>Kaptan Demir Celik Endustrisi ve Ticaret A.S. v. United States</u>, Court No.: 22-00149**

Dear Counselors:

  The court has examined the parties' responses to the court's questions in advance of oral argument on Wednesday, April 24, 2024.  <u>See</u> Pl.'s Resp. to Ct.'s Qs. for Oral Arg., Apr. 17, 2024, ECF No. 58 ("Pl.'s OAQ Resp."); Def.'s Resp. to Ct.'s Qs. for Oral Arg., Apr. 16, 2024, ECF No. 57 ("Def.'s OAQ Resp."); Def.-Inters.' Resp. to Ct.'s Qs. for Oral Arg., Apr. 17, 2024, ECF No. 59 ("Def.-Inters.' OAQ Resp.").  As the court has indicated, oral argument will be dedicated to the parties' "rebuttal arguments to the answers filed by opposing counsel."  Letter re: Qs. for Oral Arg., Apr. 5, 2024, ECF No. 55.  The court also asks the parties to be prepared to respond at oral argument to the following additional questions:

I. **Questions for Plaintiff Kaptan Demir Celik Endustrisi ve Ticaret A.S.**

1. How can it be that Commerce's IDM "triggered for the first time the possible applicability of [§] 1677(5A)(D)(ii)"? Pl.'s OAQ Resp. at 4. Why is the "possible applicability" of a provision that delineates when a "subsidy is not specific as a matter of law" not triggered by Commerce's statement in a PDM that a subsidy *is* specific as a matter of law? 19 U.S.C. § 1677(5A)(D)(i), (ii).

2. If the court stays proceedings in this case, would the pending motion for judgment on the agency record in Kaptan III remain ripe for decision?

II. **Questions for Defendant the United States ("the Government")**

1. The Government has stated that "absent an appeal that would result in controlling precedent, staying this case pending Kaptan I would not meaningfully promote judicial efficiency." Def.'s Resp. in Opp. to Pl.'s Mot. to Stay Proceedings at 5, Aug. 10, 2022, ECF No. 23. Is it not at least likely that the Kaptan I Appeal will result in controlling precedent, given that "Appellants will challenge [this] court's decision to sustain Commerce's remand results, in which Commerce determined that [Nur] did not constitute a cross-owned input supplier . . . ."? Appellee's Docketing Statement at 2, Kaptan I Appeal (No. 24-1431).

2. To what specific issue does the Government's statement that "[h]ere, the Court is raising this issue for the first time" refer? Def.'s OAQ Resp. at 8.

3. If the court stays proceedings in this case, would the pending motion for judgment on the agency record in Kaptan III remain ripe for decision?

III. **Questions for Defendant-Intervenors Rebar Trade Action Coalition, et al.**

1. Why does the fact that "Nur paid the BITT on its own foreign exchange transactions" call into question "Kaptan's case brief claim that industrial registry certificates are widely available . . ."? Def.-Inters.' OAQ Resp. at 8. Why should one entity's behavior serve as a proxy for the entire Turkish industrial sector for the purpose of Commerce's specificity analysis under 19 U.S.C. § 1677(5A)(D)(i)?

2. If the court stays proceedings in this case, would the pending motion for judgment on the agency record in Kaptan III remain ripe for decision?

　　　　　　　　　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Gary S. Katzmann*
　　　　　　　　　　　　　　　　　　　　　　　　　Gary S. Katzmann
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Judge