IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| KAPTAN DEMIR CELIK ENDUSTRISI VE TICARET A.S., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> REBAR TRADE ACTION COALITION, *et al.*, <br><br> Defendant-intervenors. | Court No.   22-cv-00149 |

## POST-ARGUMENT BRIEF

Defendant, the United States, respectfully submits this post-argument brief. We respond to certain of the Court's supplemental questions to parties.

In its first question to plaintiff, the Court observed: "How can it be that Commerce's IDM triggered for the first time the possible applicability of § 1677(5A)(D)(ii)? Why is the possible applicability of a provision that delineates when a subsidy is not specific as a matter of law not triggered by Commerce's statement in a PDM that a subsidy *is* specific as a matter of law?" ECF No. 60 at 2 (Q.I.1. to plaintiff) (citing 19 U.S.C. §§ 1677(5A)(D)(i), (ii)) (cleaned up). This question highlights the point that we made at oral argument that subparagraph (D)(ii) provides a standalone exemption from countervailing duties and it is the respondent's burden from the outset to establish an exemption. Even if Commerce had found new facts between the preliminary and final results that might help a respondent make a (D)(ii) argument (which Commerce did not do

here), it would have remained the respondent's burden to establish the exemption given that Commerce is not required to address exemptions unless requested by an interested party.

In response to the first question to the Government, as we explained at the hearing, staying this case will not promote judicial efficiency. Specifically, we estimate that recent trade appeals to the Court of Appeals for the Federal Circuit have averaged nearly two years from notice of appeal to precedential decision. And since December of last year, about half of all appeals from this Court have been dismissed. Accordingly, based on that fact alone, there is about a 50 percent chance of a precedential decision in the *Kaptan I* appeal within two years of filing. And even if this results in a precedential decision, there may be factual distinctions between the record here and the record in that case such that any *Kaptan I* decision is not dispositive. Accordingly, there is a less than 50 percent likelihood that *Kaptan I* will result in controlling precedent. Put another way, it is uncertain that the *Kaptan I* Appeal will result in controlling precedent.

In its second question to the Government, the Court asked: "to what specific issue does the Government's statement that here, the Court is raising this issue for the first time refer?" ECF No. 60 at 2 (cleaned up). We were responding to the Court's question regarding whether we had waived the right to respond to Kaptan's new 19 U.S.C. § 1677(5A)(D)(ii) arguments due to arguing exhaustion. The Court raised this issue in the first instance. No parties have contended that Commerce waived the right to respond, and it was not the Government's intention to waive such a right, nor do we waive it now.

Respectfully submitted,

BRIAN M. BOYNTON  
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY  
Director

2

/s/ L. MISHA PREHEIM
Assistant Director

/s/ STEPHEN C. TOSINI
Senior Trial Counsel
/s/ KELLY GEDDES
Trial Attoney
Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 616-5196
Email: stephen.tosini@usdoj.gov

May 1, 2024                                    Attorneys for Defendant United States

3

## CERTIFICATE OF COMPLIANCE

I hereby certify that this post-argument brief contains 457 words and thus complies with the Court's order of April 24, 2024, that post-argument briefs not exceed 1,250 words in length. In accordance with the Chambers Procedures, this certified word count is based on the word count feature in the word processing system (Microsoft Word) used to prepare this brief.

/s/ Stephen C. Tosini