## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| KAPTAN DEMIR CELIK ENDUSTRISI VE TICARET A.S., ) ) ) | |
| Plaintiff, ) | |
| v. ) | |
| UNITED STATES, ) ) | Court No. 22-00149 |
| Defendant, ) | |
| and ) | |
| REBAR TRADE ACTION COALITION, *et al.*, ) | |
| Defendant-Intervenors. ) | |

### ORDER

Upon consideration of defendant's motion for voluntary remand, it is hereby

**ORDERED** that defendant's motion is granted, and it is further

**ORDERED** that the case is remanded to the Department of Commerce for further administrative proceedings.

Dated: _____, 2026            _____
       New York, New York                              JUDGE

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| KAPTAN DEMIR CELIK ENDUSTRISI VE TICARET A.S.,<br><br>          Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>          Defendant,<br><br>    and<br><br>REBAR TRADE ACTION COALITION, *et al.*,<br><br>          Defendant-Intervenors. | Court No. 22-00149 |

**UNOPPOSED MOTION FOR VOLUNTARY REMAND**

Pursuant to the Court's July 17, 2024 and February 9, 2026 orders (ECF Nos. 63, 68), defendant, the United States, respectfully requests that the Court remand this matter to the United States Department of Commerce (Commerce) in order to give Commerce the opportunity to reconsider its cross-owned input supplier determination in light of the Court of Appeals for the Federal Circuit's decision in *Kaptan Demir Celik Endustrisi ve Ticaret A.S. v. United States*, No. 2024-2431 (Fed. Cir.).  Plaintiff Kaptan Demir Celik Endustrisi ve Ticaret A.S consents to defendant's request for a voluntary remand.  Defendant-intervenor Rebar Trade Action Coalition takes no position on the request.

In the underlying proceeding, Commerce determined that Nur Gemicilk ve Tic. A.S. was a cross-owned input supplier of plaintiff Kaptan Demir Celik Endustrisi ve Ticaret A.S.  July 17 order at 1.  Kaptan filed a complaint in this Court challenging this determination and, subsequent

to briefing and oral argument, the Court stayed this case pending final resolution of the *Kaptan* appeal.  On November 17, 2025, the Federal Circuit issued a precedential opinion in *Kaptan* affirming this Court's decision to sustain Commerce's remand redetermination, in which Commerce determined that Nur, an affiliate of Kaptan, was not a cross-owned input supplier within the meaning of 19 C.F.R. § 351.525(b)(6)(iv).  159 F.4th 1334, 1337 (Fed. Cir. 2025).

     Remand is appropriate where the agency's "concern is substantial and legitimate."  *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001).  Given the Federal Circuit's decision, Commerce's concern regarding the cross-owned input supplier issue is substantial and legitimate.  Accordingly, defendant respectfully requests a voluntary remand for the Department of Commerce to reconsider its finding that Nur was a cross-owned input supplier, which may include, if Commerce deems appropriate, the solicitation of additional information from the parties and a reanalysis of the record information.

Dated: February 11, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. MCCARTHY
Director

FRANKLIN E. WHITE
Assistant Director

OF COUNSEL:

HEATHER HOLMAN
Attorney
Office of the Chief Counsel
for Trade Enforcement & Compliance
U.S. Department of Commerce

/s/Sosun Bae
SOSUN BAE
Senior Trial Counsel
U.S. Department of Justice
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
(202) 305-7568
Email: sosun.bae@usdoj.gov